### O'Brien v. Weld et al.

1. W. & Co., having recovered judgment in a State court, sued out an execution thereon, which was levied upon the property of the defendant. He was subsequently declared a bankrupt, and an injunction issued by the District Court of the United States restraining W. & Co. and the sheriff from disposing of that property. W. & Co. thereupon filed their petition in the latter court, praying that the injunction be so modified as to allow the sheriff to sell. An order was made granting the prayer of the petition, prescribing the time and manner of the sale, and directing that the proceeds should be brought into the District Court. This order was served upon the sheriff, who, pursuant thereto, sold the property, and paid the proceeds into court. *Held,* that the sheriff was not liable to W. & Co. for not paying the money to them upon their execution.

2. The question, whether, under the Bankrupt Act, the District Court had authority to make the order, and the decision of the highest State court adverse to that authority, are sufficient to sustain the Federal jurisdiction.

Error to the Supreme Court of the State of New York.

Mr. *A. J. Vanderpoel* for the plaintiff in error.

Mr. *Granville P. Hawes* for the defendants in error.

Mr. Justice Hunt delivered the opinion of the court.

This is an action brought to recover $4,404.72 collected by the plaintiff in error, as sheriff of the city and county of New York, under three executions, two of which were issued on judgments entered in favor of the defendants in error against Frederick Wiltse and Albert Wiltse jointly and severally, and

one of which was issued on a judgment entered in their favor against Frederick Wiltse alone.

The defence relied upon is, that the plaintiff in error, under certain orders made by the United States District Court for the Southern District of New York, in a proceeding in bankruptcy against Frederick Wiltse, paid over to the clerk of that court the moneys arising from the sale of the property levied on by him under said execution.

Several points have been argued, which it will not be necessary to consider under the view we take of the principal question in the case.

On the 24th of March, 1870, Frederick Wiltse was thrown into bankruptcy upon the petition of one of his creditors. Prior to this time, Weld & Co., the defendants in error, had obtained against the Wiltses the judgments above mentioned; and executions upon the same were in the hands of O'Brien, who was then the sheriff of the city and county of New York.

The petitioning creditor in bankruptcy, on the 24th of March, 1870, obtained from the District Court an injunction order, directed to Weld & Co., and to the sheriff, O'Brien, restraining them from disposing of Frederick Wiltse's property until the further order of the court. This order was duly served on Weld & Co. and on the sheriff.

On the sixth day of July, 1870, Weld & Co. presented a petition to the District Court, asking that the injunction be so modified as to allow the sheriff to sell the property of Frederick Wiltse levied on by the sheriff previously to filing the petition in bankruptcy. On this petition of Weld & Co. an order was made, granting its prayer, directing the time and manner of sale, and ordering, that, after deducting costs and charges, the avails of the sale should be brought into the District Court to await its further orders. This order was entered with the clerk of the District Court by and upon the motion of the counsel of Weld & Co., and served upon the sheriff.

A sale was made in pursuance thereof; and the money resulting from the sale was paid into court by the sheriff, as therein required. Weld & Co. now sue the sheriff for not paying this money to them upon their executions, instead of paying it into court. To a plea setting up the facts above stated a demurrer

was interposed by the plaintiffs, which was sustained by the Supreme Court and Court of Appeals of the State of New York, and judgment rendered against the sheriff. The writ of error before us is to review that judgment.

In support of this judgment, it is contended that the United States District Court is a court of limited jurisdiction; that it has not the power to divest a State court of its jurisdiction; that the title to the property levied on by virtue of the judgment and execution from the State courts was superior to that derived from the orders of the District Court; and that the orders directing the payment of the money in question into the District Court were without jurisdiction, and void.

It is further contended in support of this judgment, that, if the bankrupt court had authority to take the custody and control of the property from the State court, it could only do so by a suit at law or in equity, and not by summary proceedings; and that an order made in such summary proceeding is absolutely void. To this point is cited the case of *Marshall* v. *Knox*, 16 Wall. 551.

If these propositions are conceded to the fullest extent, the case of the defendants in error is not aided thereby.

In *Marshall* v. *Knox*, *supra*, the sheriff had seized and held certain property at the suit of Marshal against Smith and others. Proceedings in bankruptcy were taken against Smith; and his assignees, by rule obtained from the District Court and served upon the sheriff, compelled the delivery of the property into the District Court, to be disposed of under the bankrupt proceedings. We held that the District Court had no jurisdiction to proceed by rule where neither Marshal nor the sheriff was a party to the proceeding, and where no process had been served upon either of them. *Smith* v. *Mason*, 14 Wall. 419, was a similar case; and it was there held that the assignee in such case, if he desired to obtain the property held under State authority, must litigate his claim by a plenary suit either at law or in equity, and that it could not be done by a mere rule. We adhere to these decisions.

This court, however, has never held that where the plaintiff in the execution himself took the proceeding in the bankrupt court, and there obtained rules and orders, he was not bound

by them : the contrary is plainly intimated in the language used by the court in the cases cited. So the contrary has been expressly held in *The People ex rel. Jennys* v. *Brennan*, reported 10 N. Y. Sup. Ct. (3 Hun) 666, and in 12 Nat. Bk. Reg. 567. There the parties appeared in court, and consented to an order of reference to a register to determine the disposition of the money. The execution creditor, on appearing before the register, took the objection that the assignee should have filed a bill, and that the court was without jurisdiction. Recognizing the authority of *Marshall* v. *Knox, supra*, the Supreme Court of New York held that the voluntary appearance in the bankrupt court, and consent to the order of reference, gave jurisdiction, and that the payment by the sheriff under the order of the register was valid.

The case we are considering falls under the same principle. Weld & Co., the plaintiffs in the execution, made an application in their own name to the bankrupt court. They obtained an order that certain notices of sale in addition to those required by the statute of New York should be given by the sheriff; that he should make sale of the property levied on by him, and, after paying certain expenses, should deposit the proceeds of the sale in the bankrupt court, to await its further order. This order was entered by the plaintiffs in the execution; served on the sheriff by them; and, in pursuance of its direction, the sheriff made the sale, and deposited the money in the bankrupt court. That the plaintiffs in the executions under these facts can maintain a suit against the sheriff for paying the money into court in pursuance of the order obtained by them, instead of paying it to them, is sustained by no authority, and is in violation of the principles of right and justice.

In many particulars, and where it is not in violation of his legal duty, the sheriff is deemed the agent of the plaintiff in the execution. The directions of the plaintiff will not only excuse the sheriff from his general duty, but ordinarily he is bound to obey such directions. *Root* v. *Wagner*, 30 N. Y. 17.

If the execution creditor, upon the claim of the assignee, had simply directed the sheriff, without the form of an order of the court, to pay the money into bankruptcy, the sheriff would have been justified in complying with the direction. A party

cannot even encourage an act to be done, and then exercise a legal right in hostility to such act, to the injury of the party obeying his intimations.   *Swain* v. *Seamen,* 9 Wall. 254, 274.

Especially is he bound, when, as in the present case, his direction is clothed with the solemnity of a legal proceeding, and the money is received and distributed under the forms of law.

The question, whether, under the Bankrupt Act, the District Court had authority to make the order in question, and the decision of the State court thereon, are sufficient to sustain the Federal jurisdiction.                    *Judgment reversed.*