[Civ. No. 9896. Third Dist. May 24, 1961.]

RICHARD HUMPHREYS et al., Appellants, v. STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC WORKS, et al., Defendants; COUNTY OF BUTTE et al., Respondents.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellants.

Price & Morony, Grayson Price and Jean Morony for Respondents.

SCHOTTKY, J.—Richard Humphreys and Agnes Humphreys have appealed from an adverse judgment entered after the demurrers of Butte County and Marshall Jones, the director of public works of the county, to their first amended complaint for damages to property were sustained without leave to amend.

The Humphreys brought an action against the State of California and others, including respondents herein, to recover damages for alleged injuries to certain premises owned by them which were damaged when their land was inundated during the 1955 flood. The Humphreys sought recovery on the theories of inverse condemnation; dangerous and defective condition of public property; nuisance; ordinary negligence; and absolute liability based on an ultrahazardous activity. Their complaint alleged that United States Highway 99-E was constructed in such a manner as to block the normal drainage and flow of waters across the property of plaintiffs and interrupted the natural drainage of plaintiffs' property and failed to provide adequate substitute drainage across said highway; that the defendants levelled the "Chico Fairgrounds" so as to block the normal and natural drains, causing the normal and natural drainage from the fairgrounds to be diverted over and upon plaintiffs' property; and that the natural drainage of a watershed above plaintiffs' property was changed so as to create a settling basin or sump over plaintiffs' land.

The complaint alleged that on March 14, 1956, within 90 days of the date of damage the plaintiffs sent verified claims in proper form to the sheriff of Butte County with a letter which read:

"Enclosed please find four original Claims in the above matter, which we ask that you serve upon the following:

"1. . . . . . . . . . . . . .

"2. Marshall Jones.

"3. Two upon the County of Butte.

"After service has been effected, please make your return and forward to us, together with your bill for services, which we will promptly pay.

"Please make this service on the named parties before Friday, March 16, as there is a deadline involved. Thank you."

The complaint alleged further that thereafter the sheriff made a return of service in which he recited that he had served two copies of the claim on the county of Butte; that the sheriff had served the chairman of the board of supervisors of the county; that plaintiffs did not learn of this error for several months. Thereafter an amended claim was served, and after it was rejected this action was instituted.

Plaintiffs alleged further that by reason of the foregoing facts the defendant, county of Butte, was "estopped to deny that said Original Claim was properly and timely filed."

Section 801 (formerly § 1981) of the Government Code provides that whenever it is claimed that any person has been injured or any property damaged as a result of the negligence of any public officer or employee occurring during the course of his employment, "within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of . . . county. . . ."

Section 53052 of the Government Code provided at the time as follows: "When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred."

■ Appellants contend that the county of Butte is estopped to deny that a verified claim was filed with it within the time allowed by statute. Appellants assert the sheriff is an official and agent of the county in which he is the sheriff and that the rule of estoppel enunciated in *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], should apply because the sheriff failed to serve the county in accordance with the directions given, because he did not serve the county clerk and because he falsely asserted in his return of service the county had been served.

In the Farrell case Mrs. Farrell was injured in an automobile accident which was allegedly caused by a dangerous and defective condition of a county bridge. While she was in the hospital she gave a full oral statement to an "agent" of the defendants. This statement was transcribed by a stenographer who was present. After the stenographer left the room the agent advised Mrs. Farrell not to employ an attorney since it would be better to settle with him. About 10 days later the defendants' agent again called on Mrs. Farrell and asked if she were willing to make a settlement. She informed him that she was still in great pain and under opiates and was not in a condition to discuss a settlement and that she preferred to regain her health first. The agent represented that would be acceptable to the defendants. In reliance on the statements, the Farrells did not seek legal advice for several months and their claim was filed too late. The supreme court found an estoppel to exist because Mrs. Farrell was told not to hire counsel and because she was told that it would be satisfactory if she waited until she knew the extent of her injuries before she stated the amount of the claim or made a settlement.

We do not believe that the Farrell case supports appellants' contention of estoppel because the facts in that case differ so greatly from the facts in the instant case. ■ While it is true that the sheriff is a county official, it is also true that he is not an agent of the board of supervisors or of the clerk when he serves notices and papers for private individuals, but he is the agent of the private party who employed him.

■ It should be noted that the sections of the Government Code hereinbefore quoted do not use the word "served" in referring to the manner in which the claim is to be presented but use the word "filed." The letter to the sheriff enclosing the verified claims requested the sheriff to serve "two upon the County of Butte." It did not request the sheriff to file the claims with the clerk or secretary of the board of supervisors as is required by the statute. The sheriff followed out appellants' instructions to the letter and served the claims on the chairman of the board of supervisors, which is the usual manner of serving summons in civil actions against the county. (Code Civ. Proc., § 411, subd. 5.)

Appellants' contention that the county should be estopped because the sheriff "made a return falsely stating that he had served the claim on the 'County of Butte'" cannot be sustained for several reasons. First, the sheriff did serve the claim on the county of Butte as he was specifically requested

to do when he delivered it to the chairman of the board of supervisors. Secondly, the sheriff was the agent employed by appellants, and he could hardly be expected to do other than follow out the instructions given to him. ██ As stated by the United States Supreme Court in *O'Brien* v. *Weld*, 92 U.S. 81, at page 84 [23 L.Ed. 675] : "In many particulars, and where it is not in violation of his legal duty, the sheriff is deemed the agent of the plaintiff in the execution. The directions of the plaintiff will not only excuse the sheriff from his general duty, but ordinarily he is bound to obey such directions. *Root* v. *Wagner*, 30 N.Y. [9] 17 [86 Am.Dec. 348]."

██ Therefore, upon the record in the instant case there is no proper basis for holding the respondent county was estopped from setting up the defense that the statute was not complied with.

██ At the oral argument counsel for appellants were granted permission to file further authorities and have filed letters urging the additional ground that there was a substantial compliance with the requirements of the statute. They quote the following from the case of *Knight* v. *City of Los Angeles*, 26 Cal.2d 764, at page 766 [160 P.2d 779] :

"In ascertaining the validity of the instant claim we must be guided by the rule that substantial compliance with claim provisions, whether in a statute or charter, is all that is required. [Citing cases.]

"In determining whether or not there has been substantial compliance the purpose of the claim statute is important. Two purposes have been suggested, namely, to provide the city with information in order that it may settle claims of merit without litigation [citation], and where there is continuing damage to give the city an opportunity to provide against the continuance of the injury. [Citation.] Tested by either of these purposes there has been substantial compliance with the claim statute in this case when we consider the factors involved."

Appellants also cite *Insolo* v. *Imperial Irr. Dist.*, 147 Cal. App.2d 172 [305 P.2d 176]. In the Insolo case the statute required the claim to be presented and filed with the secretary of an irrigation district. Instead of doing this the plaintiff had sent the claim by registered mail, return receipt requested, to the irrigation district. The receipt was signed by a clerk in the mailing department of the office of the district. The clerk testified that it was her practice to send such items to the business manager, and the business manager stated that he had "sent" the claim to the secretary. The court there said (p. 175) :

"It is well settled that a substantial compliance with the requirement of statutes providing for the filing of such claims is all that is required. [Citing cases.] In such cases the courts look to see if the purpose of the statute has been satisfied, whether there has been a bona fide attempt to comply with the statute, and whether any prejudice to the other party appears. [Citing cases.]

". . . Under the authorities, the controlling fact is what the claimant has done in filing or attempting to file the claim, and not whether or not the public body has had actual knowledge or has acted upon the claim. If the rule were otherwise, the public body could defeat any 'substantial compliance' by failing to act on the matter.

"Under the authorities cited, and many others, it must be held that a substantial compliance with section 22727 of the Water Code was sufficiently shown by the evidence to make it improper to grant a motion for a nonsuit."

In the Insolo case, *supra,* it appears that the claim did reach the secretary of the district, and this was the basis of the court's decision in reversing the judgment upon the ground that there has been a substantial compliance with the statute. However in the instant case there is no allegation that the claims were received by the clerk of the board. It may well be that after the claims were served upon the chairman of the board of supervisors the chairman brought the claims to a meeting of the board at which the clerk was present and the claims actually were brought to the attention of the clerk and received by the clerk. If such were the facts, we would be disposed to hold that there was a substantial compliance with the statute because as a matter of sound public policy litigation should be disposed of upon substantial rather than technical grounds. In the instant case the court ordered that the respondents' demurrers be sustained without leave to amend, and while upon the record before us the court was correct in sustaining the demurrers, we believe that the court abused its discretion in sustaining the demurrers without leave to amend and that the cause should be remanded and appellants given an opportunity further to amend their complaint.

The judgment is reversed with directions to the trial court to permit appellants to file an amended complaint. Appellants and respondents are to bear their own costs on appeal.

Van Dyke, P. J., and Peek, J., concurred.